# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br>    vs.<br>JUAN JOSE RAMIREZ-ORTIZ,<br><br>                             Defendant. | CASE NO. 11CR0239-LAB<br><br>**ORDER DENYING RULE 35 MOTION TO REDUCE SENTENCE** |

       The Government has filed a motion under Fed. R. Crim. P. 35(b)(2)(B) asking the Court to reduce the sentence of Juan Ramirez-Ortiz, whom this Court sentenced to 12 months in custody after revoking his probation in January of this year. Ramirez-Ortiz was on probation for illegally reentering the United States after being deported. His probation revocation came after he suffered a new conviction – his third – for the same offense. He received a 14 month sentence on the new case, and this Court ordered its 12 month probation revocation sentence to run consecutively to that sentence. The Government now asks the Court to cut its 12 month sentence to 4 months, or alternatively to order the probation revocation sentence to run concurrently with the 14 month sentence.

       The Government submits that, after he was sentenced, Ramirez-Ortiz substantially assisted in the prosecution of an alien smuggler, one Hewitt. Accepting the Government's representation, the defendant is eligible for a sentence reduction under Rule 35(b). *United States v. Tadio*, 663 F.3d 1042, 1047-48 (9th Cir. 2011). But eligibility for a reduction isn't the

same as entitlement to one. Before granting a sentence reduction, the Court may still take into account the sentencing factors under 18 U.S.C. § 3553(a) to determine whether a reduction is equitable and warranted. *Id*. at 1048, 1055. That's a sticking point for the Court here because while Ramirez-Ortiz did assist in Hewitt's prosecution, it turns out that Hewitt was one of the smugglers who was helping Ramirez-Ortiz sneak into the United States again.

Two § 3553(a) factors seem particularly relevant here[1], and neither counsels in favor of the reduction the Government seeks. Section 3553(a)(2)(B) says a sentence should "afford adequate deterrence to criminal conduct." Reducing Ramirez-Ortiz's sentence isn't likely to do that. He got 41 months for his first illegal reentry in 1999. That sentence didn't deter him because he came back illegally in December 2010. He pled guilty to a second immigration felony in February 2011, and promised the Court he wouldn't do it again. Taking him at his word, the Court imposed 5 years probation in May 2011 (he had been in custody for 6 months before he was sentenced). But he didn't keep his word. In June 2014 he sneaked back in, assisted this time by Hewitt.

Imposing a shorter sentence for Ramirez-Ortiz's second immigration felony was a mistake; he stayed out only 3 years. In contrast, he stayed out 11 years after he got 41 months for his first immigration felony. Longer sentences are thought to have greater deterrent effect than shorter ones. If that's true, cutting Ramirez-Ortiz's sentence to 18 months or 14 months, as the Government urges, is unlikely to deter him from illegally returning to the United States in the future.

Besides deterrence, the Court's concerned with protecting the public. Ramirez-Ortiz has suffered four felony convictions in this country. In addition to his three immigration felonies, he was convicted in 1997 of a controlled substance offense. He was only 23 years old at that time, but as it turned out the drug conviction wasn't aberrational or the result of

---

[1] Not all of § 3553(a) factors apply to revocation proceedings, *United States v. Miqbel*, 444 F.3d 1173, 1181-1182 (9th Cir. 2006), but affording adequate deterrence (18 U.S.C. § 3553(a)(2)(B)), and protecting the public from further crimes of the defendant (18 U.S.C. § 3553(a)(2)(C)) are two factors that may be considered when evaluating a Rule 35(b) motion. *Tadio*, 663 F.3d at 1052. In addition to these two, the Court has considered all of the other relevant § 3553(a) factors.

mere youthful misjudgment. At age 26 he suffered a second felony conviction. He committed a third felony when he was 37, and a fourth at age 41. Regardless of whether racking up four felony convictions in less than 20 years can be considered "career criminality," it's an alarming record of continuing criminality with obvious implications for public safety. Releasing Ramirez-Ortiz after he has served only 14 or 18 months of his most recent sentence puts the public at risk and, in the Court's judgment, does not protect Americans "from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(C).

In evaluating this motion, the Court has adhered to the guidance provided in Application Note 3 to § 5K1.1 of the United States Sentencing Guidelines. That Note reminds judges that "[s]ubstantial weight should be given to the Government's evaluation of the extent of the defendant's assistance, particularly where the extent and value of the assistance are difficult to ascertain." U.S.S.G. § 5K1.1, comment (n.3); *see also United States v. Awad*, 371 F.3d 583, 586-87 (9th Cir. 2004) (sentencing judge has wide latitude in evaluating the significance and usefulness of the defendant's assistance but should give substantial weight to the government's evaluation). But, of course, this doesn't mean that the Court has to unthinkingly accept the Government's characterizations of evidence or reduce the defendant's sentence merely because the Government asks. *United States v. Smith*, 839 F.2d 175, 180 (3d Cir. 1988). Instead, presuming that the defendant provided substantial assistance, the Court may consider relevant § 3553(a) factors in deciding whether to reduce the defendant's sentence and determining the extent of the reduction. *Tadio*, 663 F.3d at 1052.

The Court isn't sold on the Government's claim that Ramirez-Ortiz was an important witness in the case against Hewitt. In reality, apart from anything Ramirez-Ortiz had to say, the case against Hewitt was strong. According to the Government's own account, Border Patrol agents saw a car driving suspiciously at night on Old Highway 80 – a remote stretch of highway that's notorious for alien smuggling activity. When the car eventually pulled to the side of the road, the agents approached. As they did, they saw two men run into nearby bushes. The agents contacted the driver of the car who let them look in the trunk. Two

- 3 -

11CR0239-LAB

undocumented aliens were hiding there. Other agents soon located Hewitt and Ramirez-Ortiz in the bushes. Hewitt gave a false name, and explained that he was just cutting through the bushes in search of a gas station. Under the circumstances, that explanation seemed transparent as glass and phony as a three dollar bill. For his part, Ramirez-Ortiz admitted that he was in the United States illegally, and explained that he was trying to get into the trunk with the other aliens when the agents showed up. He said Hewitt was one of the alien smugglers – a revelation that no doubt was already obvious to the agents.

The Court is generally loathe to second-guess a prosecutor's estimate of the value of a defendant's substantial assistance, but it has misgivings in this case. Suffice it to say that the Court has qualitatively evaluated the prosecutor's recommendation, and has weighed it against countervailing § 3553(a) considerations. The countervailing considerations prevail. The Government's motion to reduce Ramirez-Ortiz's sentence is **DENIED**.

**IT IS SO ORDERED**.

DATED: November 13, 2015

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge